UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF
MISSOURI EASTERN
DIVISION

|  |  |  |
|---|---|---|
| JUSTIN JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:17 CV 2900 MTS |
| | ) | |
| CINDY GRIFFITH, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Justin Johnson's Petition under 28 U.S.C. § 2254 for writ of habeas corpus. For the following reasons, Petitioner's § 2254 Petition is denied.

## I.      Procedural History

Petitioner is currently incarcerated at the Eastern Reception Diagnostic Correctional Center in Bonne Terre, Missouri. In December of 2011, he was charged in the Circuit Court of St. Louis City with murder in the first degree, assault in the first degree, and two counts of armed criminal action. After a bench trial, Petitioner was sentenced to life without probation or parole as to the murder count, fifteen years as to the assault count, and fifteen years for each armed criminal action count, all to run concurrently. Petitioner's convictions were affirmed on appeal. *State v. Johnson*, 393 S.W.3d 618 (Mo. Ct. App. 2013); Doc. [10–3].

On May 28, 2013, Petitioner timely filed a pro se motion pursuant to Missouri Supreme Court Rule 29.15. Doc. [10–9] at 7. An amended Rule 29.15 motion was filed by postconviction counsel on May 22, 2014, Doc. [10–11], and an evidentiary hearing was held on August 28, 2015.

1

On December 24, 2015, the motion court issued findings of fact and conclusion of law denying Petitioner's Rule 29.15 motion. Doc. [10–10] at 37. Petitioner appealed the motion court's findings, and on February 14, 2017, the court of appeals affirmed the motion court's ruling. *Johnson v. State*, 510 S.W.3d 881; Doc. [1–1]. On December 18, 2017, Petitioner filed a writ of habeas corpus in this Court pursuant to § 2254. Doc. [1].

## II.    Factual Background

On December 1, 2008, Keila Nunn pulled up behind a red Dodge Charger, owned by Terryl Morgan ("Victim"), near the corner of 9th and Cole in the City of St. Louis. Doc. [10–3] at 2. Ms. Nunn saw Petitioner and Victim inside the car. Petitioner and Victim exited the car and began to struggle with each other on the sidewalk on the passenger side of the car. *Id.* While Petitioner had Victim in a headlock, he raised a handgun at Ms. Nunn and fired a shot through the front windshield of her car. *Id.* Petitioner then shot Victim in the shoulder and chest, killing him. *Id.* Ms. Nunn and another eyewitness, Samuel Anderson, who was on an adjacent corner at the time of the shooting, identified Petitioner in a pre-trial lineup and at trial as the shooter. *Id.*

Petitioner sold the murder weapon to Laron Clower, whom Petitioner met at the Mansion House Apartments in downtown St. Louis. *Id.* Mr. Clower then sold the gun to Jeff Thayer, an undercover Federal Alcohol, Tobacco and Firearms (ATF) agent. *Id.* at 2–3. Mr. Clower testified for the State at Petitioner's trial, that although he originally knew Petitioner as "Fat Boy," he later learned Petitioner's real name was Justin F. Johnson. *Id.* at 3. Additionally, Mr. Clower identified Petitioner as the person he knew as "Fat Boy" and as the individual from whom he purchased the handgun used in the killing of Victim. *Id.*

During the bench trial, Petitioner's trial counsel stated she felt "very uncomfortable" about three men in the gallery staring at her. *Id.* After this occurrence, but prior to closing arguments,

Danielle Berkley, a Victims' Services Advocate for the St. Louis Circuit Attorney's Office ("Victims' Services Advocate"), and an individual who identified himself as Victim's brother approached the trial judge in the hallway outside the courtroom. *Id.* The Victims' Services Advocate and Victim's brother both raised concerns about Petitioner staring at them. *Id.* Neither Petitioner's trial counsel nor the prosecutor was present during this exchange. *Id.*

After the court reconvened, the trial judge told Petitioner to "keep his focus" on the court during closing arguments. Doc. [10–13] at 267. Petitioner's trial counsel stated that she wanted to make a statement on the record with regards to both incidents, and the court allowed Petitioner's trial counsel to do so after closing arguments. *Id.* at 266–67.

Petitioner was found guilty of murder in the first degree, assault in the first degree, and two counts of armed criminal action. Petitioner was sentenced to life without probation or parole as to the murder count, fifteen years as to the assault count, and fifteen years for each armed criminal action count, all to run concurrently. *Id.* at 278–79. Petitioner's convictions were affirmed on appeal. *State v. Johnson*, 393 S.W.3d 618 (Mo. Ct. App. 2013).

On May 28, 2013, Petitioner timely filed a pro se Rule 29.15 motion. Doc. [10–9] at 7. An amended Rule 29.15 motion was filed by postconviction counsel on May 22, 2014. Doc. [10–11]. An evidentiary hearing was held on August 28, 2015. On December 24, 2015 the court filed findings of fact and conclusion of law denying Petitioner's Rule 29.15 motion. Doc. [10–10]. Petitioner appealed the motion court's findings, and on February 14, 2017, the court of appeals affirmed the motion court's ruling. *Johnson v. State*, 510 S.W.3d 881 (Mo. Ct. App. 2017). On December 18, 2017, Petitioner filed a writ for habeas corpus in this Court pursuant to § 2254. Doc. [1].

### III.     Legal Standard

The proper standard of review for habeas relief is dependent upon whether the ground for relief was deemed procedurally barred or whether the post-conviction state court adjudicated the ground on the merits. *Compare Lonholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (giving the standard of review for grounds decided on the merits)*, with Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (giving the standard of review for grounds that the state court determined were procedurally barred). Procedural defaults generally rest upon "adequate and independent state grounds," so defaulted claims are typically barred from obtaining federal habeas review. *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Coleman*, 501 U.S. at 729–31. However, a ground that was procedurally barred may be reviewed on the merits if the petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. Alternatively, a petitioner can avoid the procedural bar to review if he can show that he is actually innocent and his conviction resulted from a substantial violation of his rights. *Murray v. Carrier*, 477 U.S. 478, 480 (1986).

When a claim has been adjudicated on the merits in state court proceedings, habeas relief is permissible under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), though such relief is "limited and deferential." *Lonholt*, 327 F.3d at 751. Under AEDPA, § 2254(d), habeas relief is only permissible if the state court's determination:

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d)(1)–(2).

4

## IV.    Discussion

Petitioner asserts one claim of trial error, nine claims of ineffective assistance of counsel, and three claims of prosecutorial misconduct. Grounds One, Two, and Five through Thirteen are procedurally defaulted.

### A.    Ground Procedurally Defaulted on Direct Appeal

**Ground One: Petitioner's ground for relief is that Respondent's custody over him violates the constitution, laws, or treaties of the United States in that the trial judge held *ex parte* communications with the decedent's family and a state employee. Doc. [1] at 5.**

A federal court may only grant habeas relief to a state prisoner who has exhausted available state remedies. *See* § 2254(b)(1)(A). A prisoner satisfies the exhaustion requirement by properly pursuing a claim throughout the entire appellate process of the state. *Wayne v. Mo. Bd. Of Prob. & Parole*, 83 F.3d 994, 998 (8th Cir. 1996). If a petitioner fails to comply with state procedural rules in presenting a federal constitutional claim in the appellate process, a procedural default occurs. If defaulted, the state will decline to address the merits of the claim. So long as the default rests upon "adequate and independent state grounds," the petitioner is generally barred from obtaining federal habeas review of the defaulted claim. *Harris*, 489 U.S. at 262; *Coleman*, 501 U.S. at 729–31.

A petitioner can overcome the procedural bar and obtain federal habeas review by demonstrating either: 1) cause for his procedural default and actual prejudice resulting from the alleged violation of federal law, or 2) that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 495–96.

Here, Petitioner procedurally defaulted on Ground One on direct appeal. Petitioner raised Ground One on direct appeal, but the claim was not properly preserved for review because he failed to object to the alleged error at trial. Doc. [10–3] at 6. Petitioner argues that the state court did not rely on a procedural bar to adjudicate Ground One because it reviewed the claim using a

plain error standard. Doc. [18] at 15–16; *see* Doc. [10–3] at 5–9. However, a state court's plain

error review of a defaulted claim does not cure the procedural default. *Clark v. Bertsch*, 780 F.3d

873, 876–877 (8th Cir. 2015); *Giammanco v. Wallace*, No. 4:14 CV 1739 CDP, 2018 WL

3219652, at *4 (E.D. Mo. July 2, 2018). Petitioner does not argue cause and prejudice nor actual

innocence to excuse this default. Doc. [18] at 15–16. Ground One is therefore procedurally barred

from federal review, but we briefly turn to the merits of the claim out of an abundance of caution.

Petitioner alleges that the trial court erred in failing to recuse itself because it conducted

extra-judicial communications with the Victim's brother and Victims' Services Advocate and that

the conduct created an appearance that the trial court was biased against Petitioner. Doc. [18] at

18. When reviewing the claim for plain error only, the court of appeals did not find that the trial

court had a disqualifying bias. The court of appeals reviewed Petitioner's claim and found as

follows:

> At trial, just before closing argument, victim's brother and the victims' services
> advocate approached the judge in the hallway outside the courtroom and expressed
> concern that Johnson was inappropriately staring at them during the trial. When
> the trial court went back on the record, the court informed the parties that this had
> transpired, instructed Johnson to focus on the court during closing argument, and
> after Johnson's attorney requested the opportunity to make a statement on the
> record, made a record of what occurred. Neither party requested any relief due to
> this communication. Doc. [10-7] at 5-6.
>
> Our review of a judge's decision regarding recusal must be based on the
> objective facts of the record as we read it. State v. Jones, 7 S.W.3d 413, 417 (Mo.
> App. E.D. 1999). There is a presumption that a judge acts with honesty and
> integrity and will not preside over a trial in which he or she cannot be impartial.
> Smulls v. State, 10 S.W.3d 497, 499 (Mo. banc 2000). A judge should only be
> disqualified if a reasonable person would find an appearance of impropriety and
> question the impartiality of the court. Id. There must be a factual context that gives
> meaning to the kind of bias that requires disqualification of a judge. Worthington
> v. State, 166 S.W.3d 566, 579 (Mo. banc 2005). Specifically, a disqualifying bias
> or prejudice is one that has an extrajudicial source and results in an opinion on the
> merits on some basis other than what the judge learned from the judge's
> participation in a case. Id. In cases requiring recusal, the 'common thread is either
> a fact from which prejudgment of some evidentiary issue in the case by the judge
> may be inferred or facts indicating the judge considered some evidence properly in

the case for an illegitimate purpose.' Id. Here, the trial judge's brief conversation with Victims' Services Advocate and Victim's brother took place without the presence of either party and did not regard the merits of the case. There is nothing in the trial court's Findings of Facts and Conclusions of Law that references the conversation or Defendant's alleged inappropriate staring. Moreover, after closing arguments, the trial court developed an extensive record explaining the nature of the communication, during which each party was allowed to develop their own record with regards to the incident. Neither party requested relief due to the trial court's communication. A review of the entire record, therefore, casts no doubt on the impartiality of the court and reveals no "fact from which prejudgment of some evidentiary issue in the case by the judge may be inferred." Id.

Doc. [10–3] at 6–7.

    …

Moreover, Defendant's assertion that the court revealed its prejudice against Defendant when it instructed Defendant to focus on the court during closing argument is unpersuasive. A judge's critical or hostile remarks to a party do not support a claim of bias or partiality. Phillips v. State, 356 S.W.3d 179, 186 (Mo. App. E.D. 2011). Instead, the comments must be considered in the context of all the judge's statements and the circumstances before the judge when the statements were made. Id. Here, the court was informed that Defendant was allegedly staring inappropriately at certain points during the trial. The court's mere request that Defendant be sure to "keep his focus" on the court during closing argument does not establish that the court had a disqualifying bias against Defendant. Id.

Id. at 8.

First, Petitioner claims the appellate court's decision was an unreasonable application of federal law, namely *Ward v. Village of Monroeville*, 309 U.S. 57 (1972), under § 2254(d). Doc. [18] at 17. *Ward* concerned a defendant with traffic offenses who appeared before a judge who was contemporaneously serving as the village mayor. *Ward*, 309 U.S. at 58. As village mayor, the judge was responsible for village finances, which were funded substantially through court fees and fines. *Id. Ward*'s judge, with dueling duties to justice and to the financial success of the village, is not analogous to the trial judge in this case, who was approached outside the courtroom and put the resulting conversation on the record.

Second, Petitioner claims the appellate court made an unreasonable determination of the facts under § 2254(d). When reviewing whether a state court decision involves an "unreasonable

determination of the facts," state court findings of "basic, primary, or historical facts" are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007) (citations omitted); § 2254(e)(1). The facts in the court's opinion track the transcript of the record made on this issue at trial almost verbatim. Doc. [10–3] at 265–68. The court of appeals' decision was neither contrary to federal law nor based on an unreasonable determination of the facts. Petitioner's Ground One is denied.

### B.       Grounds Procedurally Defaulted in Post-Conviction Proceedings

As provided *supra* pp. 5–6, a federal habeas petitioner can overcome a procedural bar to federal review by making a showing of cause and prejudice for the procedural default or actual innocence. Grounds Two and Five through Thirteen were abandoned on appeal of the state court's denial of post-conviction relief. Because the points were not brought on appeal in state court post-conviction proceedings, Petitioner did not meet the exhaustion requirement of § 2254(b)(1)(A), barring the claims from federal review.

Petitioner did not make a cause and prejudice nor actual innocence argument to excuse Ground Two's procedural default. Doc. [10–3] at 19–20. Petitioner also did not make a cause and prejudice nor actual innocence argument to excuse Ground Five through Thirteen's procedural defaults, but rather noted that he "does not quibble with the respondent's procedural default analysis as to these grounds for relief," but "will address the merits of these claims as did the respondent." Doc. [18] at 24.

Under *Coleman*, "ineffective assistance of counsel during state post-conviction proceedings cannot serve as cause to excuse factual or procedural default." *Wooten v. Norris*, 578 F.3d 767, 778 (8th Cir. 2009) (quoting *Coleman*, 501 U.S. at 750). *Martinez v. Ryan*, 566 U.S. 1, 17 (2012), created a narrow exception to this rule where: "(1) the claim of ineffective assistance

of trial counsel was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; and (3) the state collateral review proceeding was the 'initial' review proceeding with respect to the 'ineffective-assistance-of-trial-counsel claim.'" *Kemp v. Kelley*, 924 F.3d 489, 499 (8th Cir. 2019) (quoting *Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014)); *see Martinez*, 566 U.S. at 14. In Ground Thirteen, Petitioner argues that "to the extent *Martinez* is applicable to his grounds for relief, he has raised substantial claims to overcome the default due to the incompetence of post-conviction counsel." Doc. [18] at 29. This is the closest Petitioner comes to making an argument to excuse the procedural defaults. It is unclear to which grounds he believes *Martinez* applies, and he offers no further analysis as to his *Martinez* exception arguments. However, *Martinez* applies only to errors of post-conviction counsel in the initial-review collateral proceeding, and Petitioner's Grounds Two and Five through Thirteen defaulted after this point, so the narrow exception from *Martinez* is not available to Petitioner. *See Hartman v. Payne*, 8 F.4th 733, 736–37 (8th Cir. 2021) (holding that where ineffective assistance of trial counsel claims are reviewed on the merits by the initial review circuit court but abandoned on appeal, *Martinez* does not apply). Grounds Two and Five through Thirteen are barred from federal review. However, out of an abundance of caution, this Court will briefly turn to each ground on the merits.

**Ground Two: Petitioner's ground for relief is that Respondent's custody over him violates the Constitution, laws, or treaties of the United States in that trial counsel was ineffective for not properly advising Petitioner of his rights regarding a bench trial. Doc. [1] at 6.**

Petitioner argues that his counsel was ineffective for improperly counseling him as to his choice between a bench trial and jury trial. Petitioner is particularly concerned with trial counsel's statement at Petitioner's hearing for post-conviction relief that in a bench trial, all issues are preserved for appeal whereas issues are preserved only by objection during a jury trial. *See* Doc. [18] at 19–20; Doc. [10–12] at 17.

To prevail on an ineffective assistance of counsel claim, a petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance, and the defendant carries the burden to show otherwise. *Id.* at 689; *Burt v. Titlow*, 571 U.S. 12, 22–23 (2013) (quoting *Strickland*, 466 U.S. at 690). When a state court makes a prediction as to whether there was prejudice, federal courts must give it substantial deference if the state court's decision was neither contrary to clearly established law nor an unreasonable application of *Strickland*. *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012).

During Petitioner's post-conviction hearing in state court, both Petitioner and his trial counsel testified as to why Petitioner chose to waive his right to a jury trial. Doc. [10–12] at 16–33. Trial counsel testified that, prior to trial, Petitioner proposed the idea of waiving his right to a jury trial in favor of a bench trial. *Id.* at 16. She advised Petitioner of the "ups and downs, advantages, [and] disadvantages" of a bench trial including that "all his issues are preserved in a bench trial. In a jury trial, it is based on the objections that [she] make[s]." *Id.* at 16–17. Trial counsel further testified that she did not remember if her advice included whether to waive the jury trial and that she never told Petitioner it would be easier to win an appeal if he had a bench trial. *Id.* Petitioner then testified that he did not recall whether trial counsel advised him on whether a bench trial would be more advantageous, but that he made his decision to waive his right to a jury trial after his conversation with counsel. *Id.* at 29, 30–33.

The circuit court found that trial counsel's advice to Petitioner was reasonable and that "[t]here is no evidence or credible testimony that [Petitioner's] decision was not voluntarily, knowingly, and intelligently made or that his trial counsel made any misrepresentations that caused

him to choose a bench trial over a jury trial or that he was in any way prejudiced by this decision." Doc. [1–2] at 12. Not only did the circuit court find that Petitioner had an adequate opportunity to discuss the issue with counsel, but the trial court also "made a lengthy inquiry of [Petitioner] regarding his decision and reviewed at length [Petitioner's] rights associated with his waiving a jury." *Id.* at 11. Specifically, the circuit stated that at trial, it

> reviewed Movant's rights with respect to a jury trial and thoroughly advised Movant of the jury trial proceeding, what rights Movant would be waiving, the differences between a jury and judge tried case, and Movant stated that he understood what the Court had explained, did not have any questions and that a judge trial would be better for him.

*Id.*

Petitioner has not overcome the strong presumption that his trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *See Burt*, 571 U.S. at 22–23. Despite trial counsel erroneously advising Petitioner regarding the preservation of error in a bench trial versus a jury trial, it can be surmised from all the other evidence on the issue that Petitioner voluntarily, knowingly, and intelligently waived his right to a jury trial and was not prejudiced under the *Strickland* standard.

Consequently, Petitioner has not established he is entitled to relief under the "double deferential" standard that applies to ineffective assistance claims. *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 202 (2011)). First, he failed to meet his burden to show that trial counsel's advice regarding a bench trial was unreasonable or the that he was prejudiced by that advice. Second, he has not shown that the decision of the Missouri court was contrary to or an unreasonable application of *Strickland*, or that the court unreasonably applied *Strickland* to the facts of this case. Petitioner's second ground is denied.

**Ground Five: Petitioner's ground for relief is that Respondent's custody over him violates the Constitution, laws, or treaties of the United States in that trial counsel was ineffective for failing to follow up on any pre-trial motions filed pro-se by petitioner. Doc. [1] at 14.**

Petitioner alleges trial counsel never followed up on any of the pre-trial motions that he filed pro-se, even after he told her he wanted her to follow-up and supplement each of the motions. Doc. [1] at 14–15. Petitioner provides no evidence or analysis to support his essentially barebones *Strickland* argument. Doc. [18] at 24. On this shortcoming alone, Petitioner's claim of ineffective assistance of counsel fails. The circuit court came to a similar conclusion when it evaluated this ground for relief in state post-conviction proceedings. In Petitioner's Rule 29.15 post-conviction proceeding, the court held Petitioner failed to establish the prejudice prong of *Strickland* because he "wholly failed to establish that his pro se motions were meritorious or that, had they been called up or heard, the result at trial would have been different." Doc. [1–2] at 23.

In giving deference to the state courts findings, Petitioner has not established he is entitled to relief under the "double deferential" standard that applies to ineffective assistance of counsel claims. *Williams*, 695 F.3d at 831. First, he has failed to meet his burden to show that trial counsel's failure to follow-up on any pre-trial motions was unreasonable or the that he was prejudiced by that failure. Second, he hasn't shown the decision of the Missouri court was contrary to or an unreasonable application of *Strickland*, or that it unreasonably applied *Strickland* to the facts of this case. Petitioner's fifth ground is denied.

**Ground Six: Petitioner's ground for relief is that Respondent's custody over him violates the Constitution, laws, or treaties of the United States in that trial counsel was ineffective for failing to object and put on the record that she saw the judge falling asleep during trial. Doc. [1] at 16.**

To establish a claim of ineffective assistance of counsel for failure to object, a movant must show 1) that the objection would have been meritorious and 2) that the failure to object

substantially deprived the movant of his right to a fair trial. *Dodds*, 60 S.W.3d at 5. Counsel is not ineffective for failing to make non-meritorious objections. *Storey v. State*, 175 S.W.3d 116, 132 (Mo. banc 2005).

Seasoned trial counsel often declines to object for strategic purposes. *Barnett v. Missouri*, 103 S.W.3d 765, 772 (Mo. banc 2003). Without evidence of the reasons for trial counsel's failure to object, a movant does not overcome the presumption that the failure to object was a strategic choice made by competent counsel. *See State v. Tokar*, 918 S.W.2d 753, 768 (Mo. banc 1996). There is no evidence on the record of trial counsel's reasoning for not objecting to the alleged conduct of the judge during trial. *See generally* Doc. [10–13]. Further, Petitioner does not overcome the presumption that the failure to object was a strategic choice made by his trial counsel and therefore within the realm of professional conduct required by *Strickland*.

Additionally, Petitioner failed to prove by the preponderance of the evidence that trial counsel's decision prejudiced him as required by *Strickland*. The circuit court came to this same conclusion in state post-conviction proceedings. Doc. [1–2] at 17–18. Assumedly in support of his prejudice argument, Petitioner offers only that "a reasonable jurist could disagree as to both trial counsel's performance and the prejudice suffered by petitioner." Doc. [18] at 25. This does not meet the standard of establishing prejudice under *Strickland*.

Petitioner has not established that he is entitled to relief under the "double deferential" standard that applies to ineffective assistance claims. *Williams*, 695 F.3d at 831. First, he has failed to meet his burden to show that trial counsel's failure to object was unreasonable or that he was prejudiced by the failure. Second, he has not shown the decision of the Missouri court was contrary to or an unreasonable application of *Strickland*, or that it unreasonably applied *Strickland* to the facts of this case. Petitioner's sixth ground is denied.

13

**Ground Seven: Petitioner's ground for relief is that Respondent's custody over him violates the Constitution, laws, or treaties of the United States in that trial counsel was ineffective for failing to impeach state witnesses Keila Nunn, Samuel Anderson, and La'Ron Clower. Doc. [1] at 18.**

The mere failure to impeach witnesses generally does not warrant relief where the facts would not have provided a defense or changed the outcome of the trial. *Wren v. State*, 313 S.W. 3d 211, 219 (Mo. Ct. App. 2010). To prevail, a movant must show that counsel's "failure to present the impeachment evidence was unreasonable and outside the realm of trial strategy." *Fry v. State*, 244 S.W.3d 284, 288 (Mo. Ct. App. 2008). In state post-conviction proceedings, the circuit court reviewed the testimony of the witnesses at issue and determined Petitioner's ground is without merit, holding Petitioner's trial counsel "thoroughly" cross-examined Ms. Nunn and Mr. Anderson and "extensively" cross-examined Mr. Clower. Doc. [1–2] at 14. Contrary to Petitioner's assertion, this is a reasonable determination of the facts under § 2254(d)(2).

Petitioner did not meet his burden under *Strickland* of proving by a preponderance of the evidence that counsel's behavior was outside the realm of professional conduct and that it prejudiced him. Thus, Petitioner has not established he is entitled to relief under the "double deferential" standard that applies to ineffective assistance claims. *Williams*, 695 F.3d at 831. First, he has failed to meet his burden to show that trial counsel's failure to impeach state witnesses was unreasonable or the that he was prejudiced. Second, he has not shown the decision of the Missouri court was contrary to or an unreasonable application of *Strickland*, or that the court unreasonably applied *Strickland* to the facts of this case. Petitioner's seventh ground is denied.[1]

---

[1]Petitioner also asserts that his post-conviction counsel presented no evidence regarding this claim, so this Court should hold an evidentiary hearing regarding this claim. Doc. [18] at 26. As Petitioner failed to assert a dispute of facts or show that he had an unfair evidentiary hearing in state court, this Court is in no position to hold an evidentiary hearing. *Ruiz v. Norris*, 71 F.3d 1404, 1406–07 (8th Cir. 1995) (quoting *Ferguson v. Jones*, 905 F.2d 211, 214 (8th Cir.1990)) (holding that courts should hold an evidentiary hearing "if the facts are in dispute or if a fair evidentiary hearing was not conducted in state court").

**Ground Eight: Petitioner's ground for relief is that Respondent's custody over him violates the Constitution, laws, or treaties of the United States in that trial counsel was ineffective for failing to call defense witnesses. Doc. [1] at 20.**

To be entitled to relief on the ground that counsel failed to call a witness:

(1) movant must identify who the witnesses were and prove that counsel knew or should have known of their existence,

(2) establish that the witness could have been located through reasonable investigation, the witnesses would have testified if called, and

(3) their testimony would have provided a viable defense.

*Vaca v. State*, 314 S.W. 3d 331, 335–36 (Mo. banc 2010); *Hutchison v. State*, 150 S.W. 3d 292, 304 (Mo. banc 2004). The witnesses' testimony must be more than merely cumulative of the evidence adduced at trial. *State v. Smith*, 949 S.W. 2d 947, 952 (Mo. Ct. App. 1997). Further, the decision not to call a witness is a matter of trial strategy that is virtually unchallengeable. *Worthington v. State*, 166 S.W.3d 566 (Mo. Banc 2005). Petitioner would have had to prove that a witness's testimony would have unqualifiedly supported Petitioner in order to establish prejudice. *Id.*

In Petitioner's Rule 29.15 hearing, Petitioner's post-conviction counsel stated that he discussed this ground with Petitioner, and that "[a]fter further investigation," they "elected not to present evidence on that claim." Doc. [10–12] at 5. The circuit court denied this ground because "[Petitioner] failed to call at his evidentiary hearing any of the witnesses he claims defense counsel should have called or otherwise establish or prove that these witnesses would have provided a viable defense." Doc. [1–2] at 15–17.

Consequently, Petitioner has not established that he is entitled to relief under the "double

deferential" standard that applies to ineffective assistance claims. *Williams*, 695 F.3d at 831. First, he has failed to meet his burden to show that trial counsel's failure to call defense witnesses was unreasonable or the that he was prejudiced by it. Second, he has not shown the decision of the Missouri court was contrary to or an unreasonable application of *Strickland*, or that the court unreasonably applied *Strickland* to the facts of this case. Petitioner's eighth ground is denied.[2]

**Ground Nine: Petitioner's ground for relief is that Respondent's custody over him violates the Constitution, laws, or treaties of the United States in that trial counsel was ineffective for failing to disclose a plea offer to Petitioner. Doc. [1] at 21.**

Where a defendant has been offered a plea deal by the State, he is entitled to effective assistance of counsel in determining whether to accept the offer. *Williams v. State*, 367 S.W.3d 652, 654 (Mo. Ct. App. 2012) (citing *Lafler v. Cooper*, 566 U.S. 156 (2012)). To meet the prejudice requirement of *Strickland* "where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 134, 148 (2012).

In Petitioner's Rule 29.15 hearing, both trial counsel and Petitioner testified regarding the existence of a plea offer. Trial counsel testified that she did not recall whether the State ever extended a plea offer to Petitioner. Doc. [10–12] at 15. Petitioner testified that his post-conviction counsel mentioned something about twenty years, but he did not actually know if a plea offer was ever made. *Id.* at 34. He further offered, "Had I been afforded an option, I possibly could have took a plea agreement to serve a more favorable sentence on my behalf versus being confined for the rest of my life with no possibility of parole." *Id.* The circuit court concluded that Petitioner

---

[2] Petitioner again asserts that this Court should hold an evidentiary hearing. Doc. [18] at 27. As Petitioner again failed to assert a dispute of facts or show that he had an unfair evidentiary hearing in state court, this Court is in no position to hold an evidentiary hearing. *See Ruiz*, 71 F.3d at 1406–07 (quoting *Ferguson*, 905 F.2d at 214).

failed both to prove existence of an offer and that there was a reasonable probability he would have accepted the plea deal. *Id.* at 15. In the immediate action, Petitioner still fails to meet the "reasonable probability" of acceptance standard required by *Frye*, offering only that he "would have considered a plea agreement." Doc. [18] at 27. Petitioner thus fails to establish prejudice under *Strickland*.

Petitioner has not established he is entitled to relief under the "double deferential" standard that applies to ineffective assistance claims. *Williams*, 695 F.3d at 831. First, he has failed to meet his burden to show that trial counsel's actions were unreasonable or the that he was prejudiced thereby. Second, he has not shown the decision of the Missouri court was contrary to or an unreasonable application of *Strickland*, or that the court unreasonably applied *Strickland* to the facts of this case. Petitioner's ninth ground is denied.[3]

**Ground Ten: Petitioner's ground for relief is that Respondent's custody over him violates the Constitution, laws, or treaties of the United States in that the Prosecutor withheld favorable evidence, specific *Kyles* and *Brady* information. Doc. [1] at 23.**

**Ground Eleven: Petitioner's ground for relief is that Respondent's custody over him violates the Constitution, laws, or treaties of the United States in that the Prosecutor withheld favorable evidence. Doc. [1] at 26.**

In grounds ten and eleven, Petitioner alleges the State withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Doc. [1–2] at 23–24. *Brady* requires the state to disclose materially exculpatory evidence in the government's possession to the defense. *Brady*, 373 U.S. 83. A "*Brady* material" is any evidence favorable to the accused such as evidence that goes towards negating a defendant's guilt, that would reduce a defendant's potential sentence, or evidence going to the credibility of a witness. *Id.* Petitioner must satisfy three components to prevail on his *Brady*

---

[3] Petitioner again pleads for an evidentiary hearing. Doc. [18] at 26. Petitioner and his trial counsel both testified at Petitioner's Rule 29.15 proceeding, and there is no evidence that a plea deal ever existed. Doc. [10–12] at 15. There are no facts in dispute, and a fair evidentiary hearing was conducted in state court on this matter, so this Court will not hold an evidentiary hearing.

claims:

> (1) The evidence at issue must be favorable to him… because it is exculpatory…

> (2) that evidence must have been suppressed by the State, whether willfully or inadvertently; and

> (3) he must have been prejudiced.

*Strickler v. Greene*, 527 U.S. 263, 281–82 (1999); *State ex rel. Engel v. Dormire*, 304 S.W.3d 120, 126 (Mo. banc. 2010). In determining prejudice, "[a] showing of materiality does not require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). Rather, to be entitled to a new trial under the *Brady* standard, a defendant must show "a 'reasonable probability' of a different result," *id*., which means that:

> [t]he question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence. A reasonable probability of a different result is accordingly shown when the government's evidentiary suppression undermines confidence in the outcome of the trial.

*Id.* (internal quotations omitted).

In Ground Ten, Petitioner alleges that the prosecutor withheld favorable evidence regarding any deals that were made with state witness Clower, who sold weapons to undercover agents, including the weapon used in Petitioner's case. Doc. [1] at 23–25. Petitioner further alleges he filed a request for discovery and a motion for *Kyles* and *Brady* information but never heard from the prosecutor or received any of the information. In Ground 11, Petitioner claims the State withheld a 911 tape. *Id.* at 26–27.

At Petitioner's Rule 29.15 post-conviction proceeding, Petitioner testified that he filed the motions to see if any deal existed between Clower and undercover agents, but he never knew

whether there was a deal. Doc. [10–12] at 42. Petitioner also testified that the prosecuting attorney informed his trial counsel that he did not have the 911 tape. *Id.* at 43 The circuit court held that both grounds for relief were not supported by evidence and therefore meritless. Doc. [1–2] at 26. Petitioner has not produced any additional evidence before this Court to support his allegations from Ground Ten or Eleven. *See* Doc. [18] at 28–29.

Because Petitioner is unable to produce any evidence showing the existence of a deal between Clower and government agents or the existence of 911 tapes, Petitioner fails to prevail on his *Brady* claim. Furthermore, this Court finds the post-conviction ruling on this ground to be an objectively reasonable application of federal law and a reasonable determination of fact. *See* § 2254(d); *Smith v. Titus*, 958 F.3d 687, 691 (8th Cir. 2020). Petitioner's tenth and eleventh grounds are denied.[4]

**Ground Twelve: Petitioner's ground for relief is that Respondent's custody over him violates the constitution, laws, or treaties of the United States in that the Prosecutor knowingly used perjured testimonies of the state's witnesses during trial. Doc. [1] at 28.**

In *Giglio v. United States*, 405 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264, 269 (1959), the United States Supreme Court held that prosecutors may not deceive a court and jurors by presenting evidence that they know is false, *Giglio*, 405 U.S. at 153, or allow false testimony to go uncorrected when it appears. *Napue*, 360 U.S. at 269. Under *Giglio* and *Napue*, relief is contingent upon a showing that the prosecution knowingly used false testimony. To prove use of false testimony, Petitioner must show that

"(1) the prosecution used perjured testimony;

---

[4] Again, Petitioner asserts he was unable to fully develop the factual basis of this ground because of ineffective assistance of post-conviction counsel, and he requests that the Court hold an evidentiary hearing on this issue. Doc. [18] at 28. As previously stated, this Court should hold an evidentiary hearing "if the facts are in dispute or if a fair evidentiary hearing was not conducted in state court." *Ruiz*, 71 F.3d at 1406–07 (quoting *Ferguson*, 905 F.2d at 214). There are no facts in dispute, and since an evidentiary hearing was conducted in state court on these matters, this Court will not hold an evidentiary hearing.

(2) the prosecution should have known or actually knew of the perjury; and

(3) there was a reasonable likelihood that the perjured testimony could have affected the jury's verdict."

*United States v. Bass*, 478 F.3d 948, 951 (8th Cir. 2007).

No testimony or evidence was offered at Petitioner's post-conviction evidentiary hearing as to this ground. *See generally* Doc. [10–12]. The state court determined this ground to be without merit, stating "[Petitioner] wholly failed to prove his convictions were obtained by perjured testimony, that the State knowingly used false testimony or that his connections were obtained as a result of perjured testimony." Doc. [1–2] at 25–26. Petitioner has presented no new evidence to this Court regarding this claim. *See* Doc. [18] at 28–29; Doc. [1] at 28–29. Petitioner's twelfth ground is denied.

**Ground Thirteen: Petitioner's ground for relief is that <u>post-conviction counsel</u> was ineffective for failing to amend and litigate meritorious claims in Petitioner's motion to vacate, set aside, or correct the judgment or sentence. Doc. [1] at 30.**

Petitioner's thirteenth ground for relief is barred by law. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings <u>shall not be a ground for relief</u> in a proceeding arising under section 2254." § 2254(i) (emphasis added). Petitioner's thirteenth ground is denied.

### C.   <u>Grounds Decided on the Merits in State Court Post-Conviction Proceedings</u>

Grounds Three and Four were decided on the merits by the court of appeals in post-conviction proceedings. When a claim has been adjudicated on the merits in state court proceedings, habeas relief is permissible under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), though such relief is "limited and deferential." *Lonholt*, 327 F.3d at 751. When this Court undertakes a merit analysis of habeas claims, this Court must give deference to the post-conviction motion courts' findings. *Weaver v. Bowersox*, 241 F.3d 1024, 1031 (8th Cir.

2001). Accordingly, habeas relief is permissible only if the state court's determination resulted in a decision contrary to clearly established Federal law or in a decision based on an unreasonable determination of the facts. § 2254(d)(1)–(2).

**Ground Three: Petitioner's ground for relief is that Respondent's custody over him violates the Constitution, laws, or treaties of the United States in that trial counsel was ineffective for failing to object to *ex parte* communication between the trial judge and Victim's family during the bench trial. Doc. [1] at 8.**

To establish a claim of ineffective assistance of trial counsel for failure to object, a movant must show that 1) the objection would have been meritorious, and 2) the failure to object substantially deprived the movant of his right to a fair trial. *Dodds v. State*, 60 S.W.3d 1, 5 (Mo. Ct. App. 2001). Counsel is not ineffective for failing to make non-meritorious objections. *Storey*, 175 S.W.3d at 132.

At trial, just before closing argument, Victim's brother and the Victims' Services Advocate approached the judge in the hallway outside the courtroom and expressed concern that Petitioner was inappropriately staring at them during the trial. After learning about this communication, Petitioner's trial counsel requested to make a statement on the record. After closing arguments, the trial court allowed the following discussion to take place on the record:

> MS. LLEWELLYN: Your Honor, what occurred, we were sitting in the courtroom. I guess the Court came in and told also that - - or spoke to [Petitioner] and told [Petitioner] not to stare at the family of [Victim] or whoever they are, people on that side of the courtroom, based on information that was given to the Court by [Victims' Services Advocate].
>
> And what - - actually, what I observed was the court was speaking to a gentleman in an orange top. He had on an orange top. I'm not sure of his relation to [Victim], and [Victims' Services Advocate] was also present when the Court was speaking with him, and the court clerk, Ms. [sic] Patrick Collins, was also present, your Honor. Neither myself nor Mr. O'Hagan was present for that.
>
> What happened prior to that was there were three gentlemen on that side of the courtroom - - who I don't know how else to say this - - but they were staring at me, and it made me very uncomfortable, your Honor. So, I told it to the sheriff, and he spoke to them. And it appears that in response to that, that may be what happened as far as them addressing the Court or telling the Court something about [Petitioner]

looking at them.

> THE COURT: Ms. Llewellyn, anything else you want to say at this point?

> MS. LLEWELLYN: No, your Honor.

> THE COURT: All right. I want to note for the record that Ms. Llewellyn has accurately described what took place just before we started closing arguments. Namely, I did meet with [Victims' Services Advocate] in the hallway right outside this courtroom, and with her was an individual wearing an orange shirt who identified himself as [Victim's] brother.

> [Victims' Services Advocate] did most of the talking, though [Victims'] brother also spoke, and they raised the issue of what they said involved [Petitioner] staring at them at certain times during the trial. They didn't give me a lot of details, but that was the concern that they raised…

Doc. [10–13] at 74.

On direct appeal, the appellate court found that Petitioner failed to show that the trial court possessed a disqualifying bias and that he was entitled to relief. *Id.* at 8–9. In Petitioner's post-conviction proceeding, the circuit court, indeed the same judge who tried Johnson's case, held that Petitioner's claim did not meet the requirements of *Strickland* for ineffective assistance of counsel claims because Petitioner failed to prove by the preponderance of the evidence that counsel's actions were outside the realm of professional conduct and that the "drastic remedy" of declaring a mistrial would have been granted here. Doc. [1–2] at 17–18; *see* Doc. [10–7] at 8. On appeal of the circuit court's decision, the court of appeals affirmed the circuit court's reasoning and determination of the facts because Johnson did not present any evidence concerning the reasonableness of trial counsel's conduct and that Johnson cannot show prejudice because the same judge who tried Johnson's case reviewed this post-conviction argument and found that there was no prejudice, meaning that the judge would not have granted the request had trial counsel raised it. Doc. [10–7] at 7–8.

This Court finds that this was a reasonable application of *Strickland* because no prejudice resulted from counsel's alleged errors and Petitioner cannot make out a successful ineffective

assistance of counsel claim. Because the court of appeals adjudicated Ground Three on the merits, and this Court finds the state court's decision to be a reasonable application of clearly established Federal law and a reasonable determination of the facts, Petitioner's third ground is denied.[5]

**Ground Four: Petitioner's ground for relief is that Respondent's custody over him violates the Constitution, laws, or treaties of the United States in that trial counsel was ineffective for failing to remove herself from Petitioner's case after an irreconcilable argument took place. Doc. [1] at 9.**

Specifically, Petitioner claims that his trial counsel did not have time to view a video tape of a state witness with him because she did not have time to sit and allow him to take notes from the video tape, but asked jail staff to allow Petitioner to view the video alone. Doc. [1] at 9. Jail staff allegedly did not allow Petitioner to do so. *Id.*

To prevail on this claim, Petitioner must show "justifiable dissatisfaction" with his attorney, which "can arise from irreconcilable conflict, a complete breakdown in communication, or any other factor interfering significantly with an attorney's ability to provide zealous representation." *United States v. Boone*, 437 F.3d 829, 839 (8th Cir. 2006). "Neither disagreement about trial strategy nor a general dissatisfaction with the amount of time defendant is able to spend with counsel is sufficient to establish a total breakdown in communication. *State v. Cobbins*, 445 S.W.3d 654 (Mo. Ct. App. 2014). Petitioner must additionally show that he was prejudiced by lack of time with the attorney. *Tritico v. State*, 767 S.2d 563 (Mo. Ct. App. 1988).

In Petitioner's Rule 29.15 post-conviction proceeding, the circuit court denied this claim, finding that Petitioner had not shown the existence of a sufficient conflict nor that trial counsel

---

[5]Petitioner contends he was unable to fully develop the factual basis of this ground because of ineffective assistance of post-conviction counsel and requests this Court to hold an evidentiary hearing on this issue. Doc. [18] at 21. Here, Petitioner does not allege any dispute of facts regarding the *ex parte* communication. See Doc. [1–1]; Doc. [18]. Petitioner also had a fair evidentiary hearing, as a review of the entire record casts no doubt on the impartiality of the court. Additionally, in Petitioner's Rule 29.15 evidentiary hearing, Petitioner did not produce any additional evidence on this claim. *See generally* Doc. [10–12]. Thus, this Court denies Petitioner's request for an evidentiary hearing because he has not disputed any facts and has already been granted an evidentiary hearing on this matter in state court. *See Ruiz*, 71 F.3d at 1406–07.

was ineffective under *Strickland*. Doc. [1–2] 19–22. The record even showed that Petitioner continued to communicate with trial counsel after the disagreement about viewing the video. *Id.* The circuit court also noted that Petitioner had counsel before Llewellyn, but was dissatisfied with him and requested new counsel, and further, defendants should not be able to arbitrarily and repeatedly request new attorneys. Doc. [1–2] at 22 (citing *State v. Richardson*, 718 S.W.2d l70 (Mo. Ct. App. 1986)). The court of appeals also held that Petitioner failed to prove both prongs of *Strickland* and would not likely be able to prove an underlying conflict that would necessitate withdrawal. Doc. [10–7] at 2–5.

The state court's decision is a reasonable application of *Strickland*. Because the court of appeals adjudicated Ground Four on the merits, and this Court finds the state court's decision to be a reasonable application of clearly established Federal law and a reasonable determination of the facts, Petitioner's fourth ground is denied.[6]

## CONCLUSION

Petitioner has failed to show cause and prejudice to excuse the procedural defaults of Grounds One, Two, and Five through Thirteen. Petitioner has also failed to show that Grounds Three and Four were unreasonable applications of clearly established Federal law or unreasonable determinations of the facts.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Justin Johnson for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. [1], is **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a

---

[6]Petitioner asserts he was unable to fully develop the factual basis of this ground because of ineffective assistance of post-conviction counsel and requests this Court to hold an evidentiary hearing on this issue. As discussed above, the circuit court at Petitioner's post-conviction hearing reviewed his claim considerably. Petitioner presents no dispute of facts. Further, this Court denies Petitioner's request for an evidentiary hearing. *See Ruiz*, 71 F.3d at 1406–07.

denial of a constitutional right and this Court will not grant a certificate of appealability.

A separate judgment in accordance with the Memorandum and Order is entered this same date.

Dated this 28th day of December, 2021
.

_____

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE